# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON VALENZUELA,<br><br>   Plaintiff,<br><br>   v.<br><br>MAUSER USA, LLC, et al.,<br><br>   Defendants. | Case No.  1:20-cv-00094-NONE-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN THIS MATTER TO A DISTRICT JUDGE FOR THE PURPOSES OF CLOSING THE CASE AND TO ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF No. 21) |

Ramon Valenzuela ("Plaintiff"), on behalf of himself and all others similarly situated, filed this action in Merced Superior Court on November 6, 2019, against Mauser USA, LLC, BWAY Corporation, and Mauser Packaging Solutions ("Defendants"). (ECF No 1.) On January 17, 2020, Defendants removed this matter to the Eastern District of California. (Id.) Pursuant to the stipulation of the parties, this matter has been stayed to allow the parties to complete mediation and negotiate a settlement. (ECF Nos. 13, 18, 20.)

On March 9, 2021, Plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (ECF No. 23.) The filing indicates that the parties have executed a long-form settlement agreement regarding a global resolution of Plaintiff's class action claims asserted in this action and his representative claims pursuant to the

California Labor Code Private Attorneys General Act ("PAGA"), asserted in a separate action pending in the Superior Court for the County of San Bernardino. (Id.) Plaintiff indicates he has amended his state court action to add the class claims currently pending in this action and Plaintiff has filed a motion for preliminary approval of the class action and PAGA settlement in the San Bernardino Superior Court. (Id.)

"[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt. Co., Inc., 193 F.3d at 1078. In this action, no defendant has filed an answer or other responsive pleading.

Pursuant to Rule 23(e) the claims, issues or defenses of a class that has been certified or is proposed to be certified for the purposes of settlement can only be settled, voluntarily dismissed, or compromised with the court's approval. Fed. R. Civ. P. 23(e). On December 1, 2003, Rule 23(e) was amended to allow the "parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified." Sample v. Qwest Commc'ns Co. LLC, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3 (D. Ariz. May 22, 2012); see also Appeals by named plaintiffs and defendants, 4 Newberg on Class Actions § 14:11 (5th ed.) ("Rule 23 requires judicial approval of the settlement of certified cases only."). "The Advisory Committee Notes to the 2003 rules amendments confirm that Rule 23(e) does not apply to settlements or dismissals that occur before class certification." Sample, 2012 WL 1880661, at *3 (quoting Fed. R. Civ. P. 23(e) advisory committee's note ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.").) "The drafters of the amendments intended to

'limit the reach of judicial approval' of voluntary dismissals of class action." Sample, 2012 WL 1880661, at *3 (quoting Alexandra N. Rothman, Bringing an End to the Trend: Cutting Judicial "Approval" and "Rejection" Out of NonClass Mass Settlement, 80 Fordham L.Rev. 319, 330 (citing Fed. R. Civ. P. 23, Summary of Proposed Amendments (Nov. 18, 2002) (explaining that approval "is not required if class allegations are withdrawn as part of a disposition reached before a class is certified, because in that case, putative class members are not bound by the settlement")). While the voluntary dismissal has been considered problematic, the revised rule does allow the parties to voluntarily dismiss the action without court approval where the class has not been certified. Sample, 2012 WL 1880661, at *3; see also Voluntary dismissal, 2 McLaughlin on Class Actions § 6:1 (17th ed.) ("where no class has been certified, voluntary dismissal or settlement of a putative class action in federal court is governed not by Rule 23, but by Rule 41 of the Federal Rules of Civil Procedure".) Here, no class has been certified and the matter is being dismissed as to all parties without prejudice. Therefore, the Court finds that dismissal does not require court approval under Rule 23(e).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a district judge to this case for the purpose of closing the case and then to adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **March 9, 2021**

UNITED STATES MAGISTRATE JUDGE